UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROBERT KRIETZMAN,<br>Defendant. | Case No. 17-cr-00477-BLF-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Re: ECF 34] |

Defendant Robert Krietzman ("Krietzman") has filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking release from custody and modification of his term of imprisonment to time served. Mot., ECF 34. The motion is based on Krietzman's medical conditions of high blood pressure, high cholesterol, hypertension (not pulmonary hypertension), and the spread of the COVID-19 virus through Bureau of Prisons ("BOP") facilities. After considering the briefing and evidence submitted by the parties and the oral arguments of counsel at the hearing on July 29, 2020, the Court DENIES Krietzman's motion as stated on the record. This written order memorializes the ruling. The Court has determined that Krietzman has not met the requirements of 18 U.S.C. § 3582(c)(1)(A) because he has failed to demonstrate "extraordinary and compelling reasons" that warrant a reduction of his sentence. Further, he has not satisfied the requirements of the applicable Sentencing Commission policy statement or the sentencing factors set forth in 18 U.S.C. § 3553(a).

**I.   BACKGROUND**

Prior to his arrest and subsequent incarceration, Krietzman had been a teacher for 23 years and was teaching first grade at Dr. Martin Luther King Jr. Academy in Watsonville, Cal. Presentence Investigation Report for Robert Krietzman ("PSR") ¶¶ 14-15, ECF 20. A May 2016

1  search and subsequent analysis of computers and electronic storage devices found at Krietzman's
2  home contained 136,000 images and 1,571 videos of child erotica. *Id.* at ¶ 21. Of those, 714
3  images and 5 videos were found to depict minors engaged in sexually explicit conduct. *Id.* at ¶ 21.
4  On April 17, 2018, Krietzman plead guilty to a violation of 18 U.S.C § 2252(a)(4), Possession of
5  Child Pornography (with prepubescent victim), and was sentenced to a term of imprisonment for
6  60 months, followed by a term of five years supervised release, pursuant to a plea agreement under
7  Fed. R. Crim. P. 11(c)(1)(c). *See* Min. Entry, ECF 24; Felony Information, ECF 1. Krietzman is
8  currently serving his sentence at FCI Terminal Island in Los Angeles County. *See* Mot. 2.

On April 27, 2020, Krietzman requested his medical records and a modification of his sentence to early release. Decl. of Peter A. Leeming ("Leeming Decl.") ¶ 2, ECF 34-1; Leeming Decl., Ex. 1, ECF 34-2. On May 7, 2020, Krietzman's counsel sent a letter addressed to the warden of Terminal Island via email and fax requesting compassionate release on Mr. Krietzman's behalf. Leeming Decl. ¶ 3; Leeming Decl., Ex. 2. On May 12, 2020, Krietzman submitted a request for compassionate release pursuant to his counsel's instructions. Leeming Decl. ¶ 3; Leeming Decl., Ex. 3. This request was denied by the warden on May 20, 2020, and the warden cited Krietzman's stable chronic conditions and recovery from previous COVID-19 infection in the denial. Decl. of Marissa Harris ("Harris Decl.") ¶ 7, ECF 38; Harris Decl., Ex. 6. ECF 38-4. On June 6, 2020, BOP senior counsel John T. LeMaster also responded to deny Krietzman's request. Harris Decl. ¶ 8; Harris Decl., Ex. 7, ECF 38-5.

On July 28, 2020, Krietzman filed the present Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Given the urgency asserted in Krietzman's motion, the Court directed the Government to file a response by July 29, 2020 at 10:00 a.m., and it set a telephonic hearing for July 29, 2020, at 2:00 p.m. *See* Order Directing Response, ECF 35. The Government timely filed opposition. *See* Opp., ECF 37. Krietzman waived his appearance.

## II.   LEGAL STANDARD

Krietzman's motion is governed by 18 U.S.C. § 3582(c), which provides in relevant part that the Court "may not modify a term of imprisonment once it has been imposed except ... upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. §

3582(c)(1)(A). The Court must: (1) find that the administrative exhaustion requirement is satisfied; (2) consider the sentencing factors set forth in 18 U.S.C. § 3553(a); and, if appropriate after considering the sentencing factors (3) find that extraordinary and compelling reasons warrant a reduction in sentence, *consistent with the applicable policy statements issued by the Sentencing Commission*. 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The Section 3553(a) sentencing factors to be considered by the Court include the nature and circumstance of the defendant's offense, the history and characteristics of the defendant, and community safety. 18 U.S.C. § 3553(a). While the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has provided circumstances that constitute "extraordinary and compelling reasons" to reduce a defendant's sentence: certain terminal or serious medical conditions that substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; the age of the defendant; family circumstances; and other reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018) ("U.S.S.G."). Additionally, the Sentencing Commission requires that the defendant *not pose a danger to the safety of any other person or to the community*. *Id.* § 1B1.13(2). (emphasis added).

### III. DISCUSSION

Krietzman's motion fails under the Section 3553(a) sentencing factors because he poses a continued danger to the community and under the Sentencing Commission's definition of "extraordinary and compelling reasons" to reduce a defendant's sentence.

When the Court sentenced Krietzman, it found him to be a danger to the community. As to the nature and circumstance of his offense, the overall numbers of his collection—136,000 images and 1,571 videos of child erotica, with 714 images and 5 videos meeting the elevated federal statutory definition of child pornography—are extraordinary. Krietzman's employment history of over 20 years as an educator, in close contact with young children while he was amassing this enormous collection, is alarming. And the COVID-19 pandemic has changed the way we all live, at least for now, with children at home and spending more time on the Internet. This has led to a surge in online child sex abuse. Kevin Rector, *Reports of online child sex abuse surge amid*

3

*pandemic*, L.A. Times (May 21, 2020), https://www.latimes.com/california/story/2020-05-21/child-sex-abuse-and-exploitation-surge-online-amid-pandemic-overwhelming-police. Krietzman would also be at home with little to do. For these reasons, the Court finds that he is still a danger to the community.

Additionally, Krietzman has already contracted, and recovered from, COVID-19. *See* Opp. 3; Harris Decl., Ex. 2. ¶ 22-23; Harris Decl., Ex. 3 ¶ 58. He was quarantined at Terminal Island and did not display any symptoms or adverse complications, and he consistently maintained an oxygen saturation rate of 96 percent. Opp. 3. None of his stated health conditions in his brief—high blood pressure, high cholesterol, hypertension (not pulmonary hypertension), and occipital neuralgia—put him at an increased risk for severe illness from COVID-19. *See* Centers for Disease Control, Groups at Higher Risk for Severe Illness (July 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html. Further, we have strong evidence that none of Krietzman's medical conditions would induce a more severe illness from COVID-19 *since he already had an asymptomatic case of the virus*. While the Court acknowledges the seriousness of the COVID-19 pandemic, especially at FCI Terminal Island, Krietzman's infection, and recovery, from COVID-19 is not a medical condition that qualifies as an "extraordinary and compelling reason[]," *see* U.S.S.G. 1B1.13 cmt. n.1(A) to modify his sentence under Section 3582(c). *See also United States v. Kelley*, No. 15-CR-00444-CRB-2, 2020 WL 2747887 (N.D. Cal. May 27, 2020) (denying compassionate release to defendant who had already recovered from COVID-19); *United States v. Whipple*, No. 12-CR-00119-SI-1, 2020 WL 3316102, at *2 (N.D. Cal. June 18, 2020) (same); *United States v. Shahbazpour*, No. 4:18-CR-00557-JD-2, 2020 WL 3791633 (N.D. Cal. July 7, 2020) (same).

**IV.   ORDER**

Krietzman's Motion for Compassionate Release is DENIED.

Dated: July 30, 2020

*[signature]*

BETH LABSON FREEMAN
United States District Judge

4